# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| ERIC GRIGGS, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-1512 |
| | : | |
| DAVID DIGUGLIELMO, *et al.*, | : | |
| Respondents. | | |

# Memorandum and Order

YOHN, J.                                                                July ___, 2007

Petitioner Eric Griggs, a prisoner in the State Correctional Institution at Graterford,

Pennsylvania, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

asserting six grounds for relief.  After conducting a *de novo* review of the report and

recommendation of United States Magistrate Judge Thomas J. Rueter, and upon consideration of

petitioner's objections to the report and recommendation and the Commonwealth's response

thereto, Griggs's petition will be denied.

## I.      Factual & Procedural History[1]

This petition arises out of Griggs's June 14, 1999 conviction in the Philadelphia County

Court of Common Pleas for robbery, a violation of the Uniform Firearms Act, and criminal

conspiracy.  *Commonwealth v. Griggs*, Nos. 275, 281, 302, Dec. Term, 1997 (C.P. Phila.).  The

Pennsylvania Superior Court ("Superior Court") has summarized the facts underlying the

conviction as follows:

_____

[1]The facts in this section are substantially similar to the facts set forth in the report and
recommendation.  (*See* Rep. & Recom. 1-5.)

> During the summer of 1997, Griggs and his co-conspirator, Darien Roderick, robbed several neighborhood bars in Philadelphia.  A review of the testimony of witnesses revealed the crimes were committed in a similar fashion.  The robberies generally occurred in the early morning hours, near closing time.  Roderick would enter the bar and order a shot or request change.  Shortly thereafter, he would leave the bar only to return a few moments later with Griggs and another co-conspirator.  Together the men would rob the bartender and patrons at gunpoint before ordering everyone to the floor.
>
> On September 5, 1997, Griggs and Roderick were arrested in Roderick's vehicle.  A search of the vehicle revealed $815 in a case, a gold bracelet, and a gold chain; a pistol was recovered under the driver's seat.

*Commonwealth v. Griggs*, No. 2574 EDA 1999, slip op. at 1-2 (Pa. Super. Ct. May 9, 2001).  On July 28, 1999, Griggs was sentenced to an aggregate term of 25 to 70 years imprisonment.

Griggs appealed his conviction to the Superior Court, arguing:  (1) the evidence was insufficient to sustain his robbery and conspiracy convictions; (2) the verdict was against the weight of the evidence; (3) the prosecutor committed misconduct during the trial; and (4) his sentence was unduly harsh.  (Resp. to Traverse App. Ex. C at 2-31.)  On May 9, 2001, the Superior Court affirmed the judgment of the trial court finding that the first contention was without merit; the second contention was waived or, alternatively, without merit; the third contention was waived; and the last contention was waived or, alternatively, did not present a substantial question for the court's review.  *Commonwealth v. Griggs*, No. 2574 EDA 1999, slip op. at 5.  Griggs did not seek further review of the conviction in the Pennsylvania Supreme Court.

Next, on February 12, 2002, Griggs filed a *pro se* petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46.  (Resp. to Traverse App. Ex. E.)  In this PCRA petition, Griggs claimed that his trial counsel provided ineffective assistance by failing to:  (1) interview and present four alibi witnesses; (2) file a suppression

motion to challenge the lack of probable cause for arrest; and, (3) object to the prosecutor's prejudicial closing remarks.  (*Id.*)  Griggs also argued that his appellate counsel was ineffective for failing to assert that his trial counsel was ineffective by not pursuing these three issues.  (*Id.*)  PCRA counsel was then appointed and filed an amended PCRA petition on March 20, 2003 that asserted one ineffective assistance of counsel claim for appellate counsel's failure to preserve the issue of trial counsel's failure to strike for cause, use a peremptory challenge, or inquire about a juror's alleged relationship with Griggs.  (Resp. to Traverse App. Ex. F.)  In a letter to the PCRA court dated October 1, 2003, Griggs stated that his PCRA counsel was ineffective and requested new PCRA counsel.  (Resp. to Traverse App. Ex. H.)  Attached to this letter was a *pro se* supplemental PCRA petition, entitled "Amendment to Amended Petition Under the Post Conviction Relief Act," in which Griggs argued that his trial counsel was ineffective for failing to challenge whether police had reasonable suspicion to conduct a *Terry* stop based solely on hearsay contained in a radio dispatch.  (*Id.*)

The amended PCRA petition was dismissed by the Philadelphia Court of Common Pleas ("PCRA court") by order on July 13, 2004.  In an opinion that followed on December 20, 2004, the PCRA court concluded that Griggs's claim that appellate counsel's failure to challenge trial counsel's decision not to strike a juror for cause was without merit.  *Commonwealth v. Griggs*, Nos. 275, 281, 302, slip op. at 3-4 (C.P. Phila. Dec. 20, 2004).  The PCRA court found that Griggs failed to demonstrate that he had informed trial counsel that a potential juror knew him. *Id.* at 3.  The PCRA court also determined that Griggs had not shown prejudice, or that the result of the trial would have been any different had the juror been excused.  *Id.* at 4.  With regard to Griggs's allegation that police officers made an unlawful stop, the PCRA court determined that

this claim was spurious and had been waived.[2]  *Id*. at 4.

On August 12, 2004, both Griggs and his counsel filed notices of appeal in the Superior Court.  (Resp. to Traverse App. Ex. L.)  After he filed for appeal, Griggs was not directed to file a statement of matters complained of on appeal pursuant to Pa. R. App. P. 1925(b) ("Rule 1925(b)").  Griggs then filed a "Motion to Proceed *Pro Se* and for Withdrawal of Counsel" on December 3, 2004.  (Resp. to Traverse App. Ex. N.)  The Superior Court directed the PCRA court to determine pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), whether Griggs's waiver was knowing, intelligent and voluntary.  (Resp. to Traverse App. Ex. O.)  A *Grazier* hearing took place on January 26, 2005 and the PCRA court allowed Griggs to proceed *pro se,* ordering his PCRA counsel to forward to Griggs all pertinent court documents.

On March 7, 2005, Griggs filed a *pro se* "Motion to Stay Appeal Pending Submission of Issues" in the Superior Court alleging that his former PCRA counsel had failed to forward the documents.  (Resp. to Traverse App. Ex. P.)  On March 24, 2005, the Superior Court remanded the matter to the PCRA court and ordered that the PCRA court provide, either directly or through prior counsel, Griggs with the documents within thirty days.  (Resp. to Traverse App. Ex. Q.)  In the same order, the Superior Court directed Griggs to file a "supplemental" statement of matters complained of on appeal pursuant to Rule 1925(b) within fourteen days of receiving the documents.  (*Id.*)  In a letter to the PCRA court dated March 30, 2005, the former PCRA counsel

---

[2]The PCRA court limited its discussion to the claim raised in PCRA counsel's amended petition, stating it "does not accept confusing hybrid representation by a petitioner's *pro se* filings during the interim of qualified counsel's representation."  *Commonwealth v. Griggs*, Nos. 275, 281, 302, slip op. at 2 n.2 (citing, e.g., *Commonwealth v. Pursell*, 724 A.2d 293, 301-02 (Pa. 1999).)

notified the PCRA court that she had sent Griggs the documents one week prior and attached a copy of her cover letter to Griggs.[3]  (Resp. to Traverse App. Ex. R.)

After Griggs failed to submit a timely Rule 1925(b) statement by April 13, 2005, the PCRA court extended the deadline to April 22, 2005.  (Resp. to Traverse App. Ex. S.)  Griggs did not request an additional extension.  On April 29, 2005, one week after the Rule 1925(b) statement was due, the PCRA court issued an order stating that Griggs had waived any supplemental issues that he might have raised on appeal because he had failed to submit the statement.  (Resp. to Traverse App. Ex. T.)  In an opinion accompanying the order, the PCRA court held that Griggs's "failure to comply with [its] order to file a supplemental Rule 1925(b) statement resulted in waiver of any supplemental issues to be raised on appeal." *Commonwealth v. Griggs*, Nos. 275, 281, 302, slip op. at 3 (C.P. Phila. Apr. 29, 2005) (citing *Commonwealth v. Butler*, 812 A.2d 631, 633-34 (Pa. 2002).)  The PCRA court also identified the documents petitioner had received that his former PCRA counsel had attached to her letter of March 23,

---

[3]In the letter to Griggs dated March 23, 2005, his former PCRA counsel identified the documents she had enclosed:  "The following items are enclosed:  PCRA Court Opinion, 1925(b) Statement and Trial Court Opinion from your direct appeal, my private investigator's report on your witnesses, your letter in response to the 907 notice, letters from you with samples of the love letters from the CO, the Superior Court Opinion from your direct appeal, your pro se PCRA petition and the supplements you sent, the Commonwealth's Motion to Dismiss your PCRA Petition, the letter sent from the jailhouse paralegal, the packet of materials you sent in support of your objection to the 907 notice, case law sent by you or your paralegal, the Superior Court Opinion on Roderick (co-D), Bills of information, court docket sheets, criminal complaints, notes of testimony and a letter from Duenean posted 9/10/99."  (Resp. to Traverse App. Ex. R.) The former PCRA counsel also identified the documents excluded from this package:  work product and discovery, such as police reports and interviews.  The former PCRA counsel directed Griggs to contact his trial attorney for discovery because "PCRA attorneys are not given discovery packages, so I do not have the papers that would have been supplied at trial level." (*Id.*)

2005.  *Id.* at 2.

 About one month later, on May 31, 2005, Griggs filed a *pro se* "Appellants Application

for Relief" and a document titled "Petitioner's Supplemental Matters Complained Of On Appeal"

with the Superior Court.  (Resp. to Traverse App. Ex. U.)  On June 17, 2005, the Superior Court

denied Griggs's application "without prejudice to the Appellant's right to raise the issue

contained in the application for relief in his appellate brief, which shall be due thirty (30) days

from the date that this Order is entered."  (Resp. to Traverse App. Ex. V.)

Griggs filed an appellate brief on August 23, 2005.  (Resp. to Traverse App. Ex. W.)  He

argued that, generally, he was "deprived of Equal Protection and Due Process of Law, as well as

his civil and constitutional right pursuant to the 4th, 5th, 6th and 14th Amendments of the United

States Constitution."  (*Id.* at 2.)  Griggs also asserted the following five specific violations of his

equal protection and due process rights:  (1) he was not permitted to confront his alleged

accusers; (2) the police and prosecutors had conspired against him by use of fabricated evidence;

(3) the prosecutor had denied him mandatory discovery; (4) the judge was prejudiced against him

because he permitted a biased juror to sit on the jury; and (5) his trial counsel failed to prepare an

adequate defense.  (*Id.* at 2-3.)  Griggs further insisted that his PCRA counsel failed to provide

all the documents and transcripts necessary for his appeal.  (*Id.* at 5.)

In a memorandum dated January 11, 2006, the Superior Court affirmed the PCRA court's

denial of the PCRA petition.  *Commonwealth v. Griggs*, No. 2337 EDA 2004 (Pa. Super. Ct. Jan.

11, 2006).  The court held that the claims raised in his appellate brief[4] had been waived for

---

[4]The Superior Court framed the issues raised in Griggs's appellate brief as follows:  "[H]e
claims that he was tried based on perjured testimony, that the trial court was prejudiced against
him, that the evidence was insufficient to support his convictions, that he was not permitted to

failure to raise them in his PCRA petition or a timely court-ordered supplemental Rule 1925(b) statement.[5] *Id.* at 6.  Thus, the only issues preserved were those raised in the counseled amended PCRA petition and Griggs's *pro se* supplemental PCRA petition–trial counsel's ineffectiveness by failing to object to the juror and to challenge whether police had reasonable suspicion to stop the car. *Id.*  However, as the court pointed out, Griggs argued neither of the preserved issues. *Id.* The court also found that "[t]he record establishes that under cover dated March 23, 2005, counsel already had forwarded to Appellant all the documents, including transcripts, necessary for appellate briefing purposes." *Id.* at 3.  The court further noted that if Griggs believed his PCRA counsel did not mail him all the documents necessary to prepare a 1925(b) statement, he should have requested an extension for filing the statement. *Id.* at 7.  Griggs did not appeal to the Pennsylvania Supreme Court.

Griggs filed the instant *pro se* habeas corpus petition on April 11, 2006.  On May 15, 2006, I referred this case to Magistrate Judge Thomas J. Rueter for a Report and Recommendation.  Respondents filed their answer on August 17, 2006, Griggs filed a Traverse on September 21, 2006, and Magistrate Judge Rueter issued a Report and Recommendation on December 12, 2006.  On December 27, 2006, Griggs filed his objections to the Report and

confront the witnesses against him, and that the prosecutor denied him access to mandatory discovery materials.  In addition, he concedes that at trial, police testified to facts that gave them constitutional grounds to stop the car in which he was riding but now claims that police fabricated those facts." *Commonwealth v. Griggs*, No. 2337 EDA 2004, slip op. at 6.

[5]The Superior Court observed that Griggs's case was a "novel" one because the PCRA did not originally order the filing of a 1925(b) statement and the Superior Court had ordered the filing of only a "supplemental" statement. *Commonwealth v. Griggs*, No. 2337 EDA 2004, slip op. at 6.  However, the court stated that its remand order "clearly was designed to allow Appellant to raise supplemental issues and to ensure that the PCRA court addressed those issues so that we could conduct meaningful appellate review." *Id.*

Recommendation.  Respondents filed their answer with the court on January 16, 2007.

## II.     Legal Standards

### A.      Jurisdiction

This court exercises jurisdiction over this habeas petition under 28 U.S.C. § 2254(a).

Where a habeas petition has been referred to a magistrate judge for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), this court's review of "those portions of

the report or specified proposed findings or recommendations to which objection is made" is *de*

*novo*.  28 U.S.C. § 636(b).  After conducting such a review, this court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

### B.      AEDPA Standards

28 U.S.C. § 2254 empowers federal courts to grant habeas corpus relief to a prisoner "in

custody pursuant to the judgment of a State court" where his custody violates the Constitution of

the United States.  28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") entitles a petitioner habeas relief only where the state court proceedings

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law," or "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceedings."  §

2254(d)(1).  However, before a federal court can review the merits of a state prisoner's petition

for a writ of habeas corpus, the court must determine whether the petitioner has met the

requirements of the doctrines of exhaustion and procedural default.

### 1.      Exhaustion

A federal court will not grant a state prisoner's petition unless available state court

remedies on the federal constitutional claims have been exhausted.  § 2254(b)(1).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This exhaustion rule requires a petitioner to "fairly present" his federal claims at each level of the state court system.  *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (stating, "In order for a claim to be exhausted, it must be "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process") (citations omitted); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (citations omitted).  To "fairly present" a claim, a petitioner must present the same claim to the state and federal courts.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989).  Furthermore, in Pennsylvania, once a petitioner is represented, a court considers only the claims raised in his counseled briefs.  *Pursell*, 724 A.2d at 301-02; *Commonwealth v. Ellis*, 581 A.2d 595, 600 (Pa. Super. Ct. 1990).

Under this rule, a federal court must dismiss without prejudice habeas petitions that contain any unexhausted claims.  *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004).  This dismissal requirement does not apply, however, in cases where the state courts would not consider the unexhausted claims because they are procedurally barred by state law.  *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996).  However, in that situation, the petitioner must still overcome the concomitant doctrine of procedural default.  *Id.* at 683.

### 2.      Procedural Default

The doctrine of procedural default bars federal habeas relief when a state prisoner has defaulted on his federal claims in state court pursuant to an independent and adequate state

9

procedural rule.  *Id.*  For example, failure to present federal habeas claims to the state courts in a timely fashion results in procedural default.  *See O'Sullivan*, 526 U.S. at 848 (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).  Additionally, the Pennsylvania Rules of Appellate Procedure and PCRA waiver rules are independent and adequate state grounds which may bar federal habeas review.  *Buck v. Colleran*, 115 F. App'x 526, 527-28 (3d Cir. 2004) (non-precedential); *Cherry v. Wynder*, 2007 U.S. Dist. LEXIS 21728, at **19-20 (E.D. Pa. Mar. 26, 2007).  Like petitioners who have failed to exhaust their state remedies, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."  *Id.*  The doctrine of procedural default therefore ensures that state prisoners cannot evade the exhaustion requirement of § 2254 by defaulting their federal claims in state court.

Absent a showing that a procedural default should be excused, this court is barred from reviewing a petitioner's defaulted claims.  As the Supreme Court made explicit in *Coleman v. Thompson*, procedural default can be excused in only two ways:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750.  To show "cause," a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."

*Murray v. Carrier*, 477 U.S. 478, 488 (1986).[6]  To show "actual prejudice," a petitioner must demonstrate that the alleged errors "so infected the entire trial that the resulting conviction violates due process."  *United States v. Frady*, 456 U.S. 152, 168-69 (1982).

The second manner in which a petitioner's procedural default can be excused – the "fundamental miscarriage of justice" exception – "will apply only in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000) (quoting *Murray*, 477 U.S. at 496).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To establish such a claim, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995).  Further, actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."  *Id.* at 329.

## III.  Discussion

In his habeas petition, Griggs raised the following six claims:  (1) his arrest was unlawful as a result of  "police misconduct in contriving charges against him;" (2) "[t]he prima facie case forged against [him] was a police/prose[cut]or judicial conspiracy in the absence of face-to-face confrontation with his alleged accusers;" (3) his convictions were based on "fabricated and false

---

[6] Examples of "cause" include "the factual or legal basis for a claim was not reasonably available to counsel," "some interference by officials made compliance impracticable," or "some external impediment prevented counsel from constructing or raising the claim."  *Murray*, 477 U.S. at 488-92.

testimony" and "constructed and false evidence" (4) his equal protection and due process rights were violated because "he was denied and deprived of mandatory discovery by the prosecution and PCRA court;" (5) his equal protection and due process rights were also violated when the trial judge permitted a juror who knew him to sit on the jury and because the judge "went out[]side of the Sentencing Guidelines in imposing [the] sentence;" and, (6) trial, direct appellate and PCRA counsel were all ineffective for failing to present "the substantive and meritorious issues to the trial and appellate courts."  (Habeas Pet. 9-9(a).)

Magistrate Judge Rueter dismissed each claim in turn, to which Griggs has objected.[7] Therefore, I will address each of his objections.  After conducting a *de novo* review, I agree with the findings and conclusions of Magistrate Judge Rueter and dismisses Griggs's habeas petition without prejudice.

### A.    Unlawful Arrest Due to Police Misconduct

First, Griggs claims that the police arbitrarily stopped and searched the car in which he was a passenger without reasonable suspicion or probable cause "but owing solely to racial profiling."[8] (Habeas Pet. 9(a), 9(a)-9(e).)  Magistrate Judge Rueter concluded that Griggs's first

---

[7]Although the bulk of Griggs's objections is devoted to Magistrate Judge Rueter's conclusion that he has failed to establish "cause" to excuse the procedural default of his claims, Griggs does devote a portion of his argument, albeit briefly, to criticizing Magistrate Judge Rueter's finding that all six claims were procedurally defaulted.  (Obj.'s to Rep. & Recom. 10-11, 13-14.)

[8]Griggs argues in "Ground one" of his habeas petition that "Petitioner was unlawfully arrested together with police misconduct in contriving charges against him."  (Habeas Pet. 9.)  In his supporting facts, he elaborates:  "Petitioner avers that he was the passenger in a car driven by a Darien Rodrick when the vehicle was arbitrarily stopped and searched by the Philadelphia Police in the absence of reasonable suspicion or probable cause but owing solely to racial profiling."  (*Id.* at 9(a).)

claim was procedurally defaulted, and petitioner objects.  After a *de novo* review, I agree with

Magistrate Judge Rueter.

As discussed above, a claim is procedurally defaulted if the petitioner failed to exhaust

his state court remedies and is barred from presenting his claim to the state courts due to an

independent and adequate state procedural rule.  *Coleman*, 502 U.S. at 732.  Griggs's first claim

was never "fairly presented" to the state courts.  First, he did not raise this claim on direct appeal,

even though he had the opportunity to do so.  Second, while he argued a distinct though related

claim in his original *pro se* PCRA petition,[9] his counseled amended PCRA petition did not

include the claim.  *See Trowery v. Walters*, 45 F. App'x 206, 207 (3d Cir. 2002) (non-

precedential) (finding petitioner's claim unexhausted when it was first raised in his *pro se* PCRA

petition, but was not included in his counseled amended petition).  Griggs raised another variant

claim in his *pro se* supplemental PCRA petition,[10] arguing that his trial counsel was ineffective

for failing to challenge a *Terry* stop because it was based on hearsay contained in a radio

---

[9]In his original *pro se* PCRA petition, Griggs raised the following two claims:

> b.  Trial counsel was ineffective for failing to file a suppression motion to challenge the lack of probable cause for the arrest; . . .
> e.  Appellant counsel was ineffective on direct appeal for not citing trial counsel ineffective for failing to file suppression motion to challenge arrest where police lacked probable cause or reasonable suspicion to justify making the arrest.

(Resp. to Traverse App. Ex. E at 3-4.)  Other than the above statement of the issues, the petition did not provide any factual background to support these two claims.

[10]In his *pro se* supplemental PCRA petition, Griggs presented his issue as follows: "can founded suspicion, unlike probable cause, be based solely on the rec[ei]pt by the stopping officer of a radio dispatch to stop the 'described vehicle' without any proof of the factual foundation for the relayed message.  It has been held that it cannot."  (Resp. to Traverse App. Ex. H. at 3.)

dispatch.  However, both the PCRA court and the Superior Court determined this claim was

waived.  Consequently, he failed to exhaust the variant claim in the state courts.  *See Carpenter*,

296 F.3d at 146; *McCandless*, 172 F.3d at 260.  Additionally, the factual and legal substance of

Griggs's *pro se* supplemental PCRA claim (ineffective assistance of counsel for failing to

challenge an unlawful car stop based on hearsay in a police radio dispatch) is not the "substantial

equivalent" of his habeas claim (unlawful arrest due to police misconduct and racial profiling).

Thus, Griggs has not exhausted his state remedies with respect to this habeas claim.  *See Picard*,

404 U.S. at 275; *Lesko*, 881 F.2d at 50.

Griggs has also defaulted on his claim of unlawful arrest based on police misconduct

under Pennsylvania law.  First, as stated above, he did not present it on direct review;

consequently, the claim is waived.  42 Pa. Cons. Stat. Ann. § 9544(b) (stating claims not

presented at trial or on earlier appeal are waived and therefore, not grounds for PCRA relief).

Second, Griggs failed to preserve the instant claim in his appeal of the denial of PCRA relief

because it was not presented in a properly-filed Rule 1925(b) statement.[11]  *See Butler*, 812 A.2d

at 633-34 (holding that in order to preserve their claims for appellate review, PCRA appellants

must comply with a court order to file a 1925(b) statement and any issues not raised in a 1925(b)

are waived); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *Commonwealth v. Douglas*,

835 A.2d 742, 743-45 (Pa. Super. Ct. 2003); *see also Colleran*, 115 F. App'x at 527-28

(concluding waiver of claims under Rule 1925(b) bars federal habeas review).  Finally, at this

point, a new PCRA petition raising this claim would be deemed time-barred.  *See* 42 Pa. Cons.

---

[11]In his objections, Griggs concedes that he submitted his statement of issues for
collateral appeal "past the date of the order to do so."  (Obj.'s to Rep. & Recom. 11)

14

Stat. Ann. § 9545(b); *Commonwealth v. Robinson,* 837 A.2d 1157, 1161 (Pa. 2003) ("the PCRA confers no authority upon [any Pennsylvania] Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act"); *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that the time limits under 42 Pa. Cons. Stat. Ann. § 9545(b) are mandatory and jurisdictional in nature).  Accordingly, his first claim is not only unexhausted, it is procedurally barred.  *See Coleman*, 501 U.S. at 732.

### B.       Confrontation with Accusers

Griggs's second claim is that he was deprived of his fundamental constitutional rights under the Fifth, Sixth and Fourteenth Amendments because he never confronted his sixteen-plus accusers.[12]  (Habeas Pet. 9(e)-9(f).)  He claims that he was never in a lineup, nor was counsel present at a photographic array.  (*Id.* at 9(e).)  He also believes that the prosecutor persuaded two victims to identify him falsely as a co-perpetrator.  (*Id.*)  Magistrate Judge Rueter found this claim to be procedurally defaulted, and Griggs objects.  After a *de novo* review, I agree with Magistrate Judge Rueter.

Griggs never "fairly presented" his second claim to the state courts.  Griggs failed to raise this claim with the Superior Court, either on direct appeal or after the denial of his PCRA petition.  Thus, he has failed to exhaust his state remedies.  Furthermore, there is no further available remedy for the litigation of his claim in the state court system.  First, as noted above, he did not present it on direct review; consequently, the claim is waived.  *See* 42 Pa. Cons. Stat.

---

[12]Griggs asserts in "Ground two" of his habeas petition that the "prima faci[e] case forged against Petitioner was a police/prosecutor judicial conspiracy in the absence of face-to-face confrontation with his alleged accusers."  (Habeas Pet. 9.)

15

Ann. § 9544(b).  Second, by not filing a timely Rule 1925(b) statement, he failed to preserve the claim in his appeal of the denial of PCRA relief.  *See Butler*, 812 A.2d at 633-34; *Lord*, 719 A.2d at 309; *Douglas*, 835 A.2d at 743-45; *see also Colleran*, 115 F. App'x at 527-28.  Finally, a new PCRA petition raising the claim would be deemed time-barred.  *See* 42 Pa. Cons. Stat. Ann. § 9545(b); *Robinson,* 837 A.2d at 1161; *Murray*, 753 A.2d at 203.  Accordingly, his claim is not only unexhausted, it is procedurally barred.  *See Coleman*, 501 U.S. at 732.

**C.  Conviction Based on Fabricated Evidence and False Testimony**

In his third claim, Griggs states that the prosecutor and the trial judge colluded to convict him by concealing the similarity of his appearance to that of a co-conspirator.[13]  (Habeas Pet. 9(f)-9(g).)  Magistrate Judge Rueter found this claim to be procedurally defaulted, and Griggs objects.  After a *de novo* review, I agree with Magistrate Judge Rueter.

Griggs never "fairly presented" his third claim to the state courts.  Griggs failed to raise this claim with the Superior Court, either on direct appeal or after the denial of his PCRA petition.  Thus, he has failed to exhaust his state remedies.  Furthermore, there is no further available remedy for the litigation of his claim in the state court system.  First, as noted above, he did not present it on direct review; consequently, the claim is waived.  *See* 42 Pa. Cons. Stat. Ann. § 9544(b).  Second, by not filing a timely Rule 1925(b) statement, he failed to preserve the claim in his appeal of the denial of PCRA relief.  *See Butler*, 812 A.2d at 633-34; *Lord*, 719 A.2d at 309; *Douglas*, 835 A.2d at 743-45; *see also Colleran*, 115 F. App'x at 527-28.  Finally, a new PCRA petition raising the claim would be deemed time-barred.  *See* 42 Pa. Cons. Stat. Ann. §

---

[13]Griggs contends in "Ground three" of his habeas petition that "Petitioner's convictions were based upon fabricated and false testimony, as well as constructed and false evidence." (Habeas Pet. 9.)

16

9545(b); *Robinson,* 837 A.2d at 1161; *Murray*, 753 A.2d at 203.  Accordingly, his claim is not

only unexhausted, it is procedurally barred.  *See Coleman*, 501 U.S. at 732.

### D.     Denied Discovery

Griggs's fourth claim asserts equal protection and due process violations arising from the

deprivation of mandatory discovery materials.[14]  Griggs elaborates that "in the absence of being

provided with mandatory discovery materials, the prosecutor was permitted to put on a case

fraught with fabricated evidence, concealed evidence and outright false evidence; as well as to

deprive him of meaningful post-conviction review."  (Habeas Pet. 9(h).)  Magistrate Judge

Rueter found this claim to be procedurally defaulted, and Griggs objects.  After a *de novo* review,

I agree with Magistrate Judge Rueter.

Again, Griggs failed to raise his fourth claim with the Superior Court, either on direct

appeal or after the denial of his PCRA petition.[15]  Thus, he has failed to exhaust his state

remedies.  Furthermore, there is no further available remedy for the litigation of his claim in the

state court system.  First, as noted above, he did not present it on direct review; consequently, the

claim is waived.  *See* 42 Pa. Cons. Stat. Ann. § 9544(b).  Second, by not filing a timely Rule

---

[14]Griggs asserts in "Ground four" of his habeas petitioner that "Petitioner avers that h[e]
was deprived of equal protection and due process of law when he was denied and deprived of
mandatory discovery by the prosecution and PCRA court."  (Habeas Pet. 9.)

[15]Griggs did file a *pro se* "Motion to Stay Appeal Pending Submission of Issues" in the
Superior Court complaining that his former PCRA counsel had failed to forward documents
necessary for his appeal.  As noted above, the Superior Court responded by ordering that the
PCRA court provide, either directly or through prior counsel, Griggs with the documents within
thirty days.  In its denial of Griggs's collateral appeal on January 11, 2006, the Superior Court
concluded that Griggs had received "all the documents, including transcripts, necessary for
appellate briefing purposes."  *Commonwealth v. Griggs*, No. 2337 EDA 2004, slip op. at 3-4 (Pa.
Super. Ct. Jan. 11, 2006).  State court findings of fact are presumed correct, 28 U.S.C. §
2254(e)(1), and Griggs has not introduced clear and convincing evidence to the contrary.

1925(b) statement, he failed to preserve the claim in his appeal of the denial of PCRA relief.  *See Butler*, 812 A.2d at 633-34; *Lord*, 719 A.2d at 309; *Douglas*, 835 A.2d at 743-45; *see also Colleran*, 115 F. App'x at 527-28.  Finally, a new PCRA petition raising the claim would be deemed time-barred.  *See* 42 Pa. Cons. Stat. Ann. § 9545(b); *Robinson,* 837 A.2d at 1161; *Murray*, 753 A.2d at 203.  Accordingly, his claim is not only unexhausted, it is procedurally barred.  *See Coleman*, 501 U.S. at 732.

### E.    Biased Trial Judge

In his fifth claim, Griggs raises equal protection and due process violations arising from the trial judge's bias against him.[16]  (Habeas Pet. 9(a).)  He cites the following five examples of bias.  First, the court refused to order the prosecution to turn over mandatory discovery even after he petitioned for it.  (*Id.* at 9(i).)  Second, the court was "in[]flamed when defendant assaulted his trial attorney who refused not only to pr[o]cure discovery material but who demonstrated to defendant that he was there in a perfunctory capacity and not as a vigorous advocate."  (*Id.*)  Third, on several occasions, the court promoted the use of false testimony by the prosecution.  (*Id.* at 9(i)-(j).)  Fourth, the judge permitted a partial juror to sit on the jury.  (*Id.* at 9(j).)  Fifth, the PCRA judge attempted to dissuade him from refusing PCRA's counsel's representation.  (*Id.*)  Magistrate Judge Rueter found this claim to be procedurally defaulted, and Griggs objects.  After a *de novo* review, I agree with Magistrate Judge Rueter.

---

[16]In "Ground Five" of his habeas petition, Griggs avers "that he was deprived of and denied equal protection and due process of law when the trial Judge permitted the juror to sit on the jury who was a correctional officer at the county prison petitioner was lodged in and who [k]new Petitioner and Petitioner [k]new this Guard.  Moreover, the sentencing Judge incorporated false police arrests and went out side of the Sentencing Guidelines in imposing [the] sentence."  (Habeas Pet. 9(a).)

Again, Griggs had the opportunity to raise his fifth claim on direct appeal, but he did not

do so.  He raised a portion of this claim in the form of an ineffective assistance of counsel claim

during his PCRA proceeding.  In his counseled amended PCRA petition, he argued that his

appellate counsel was ineffective for failing to raise the issue of trial counsel's failure to strike a

juror after the juror later admitted he knew Griggs.[17]  As discussed above, the PCRA court

decided the claim was without merit.  However, the Superior Court did not reach the claim

because Griggs failed to argue it on collateral appeal.  Thus, he failed to exhaust the ineffective

assistance of counsel claim in the state courts.  *See Carpenter*, 296 F.3d at 146; *McCandless*, 172

F.3d at 260.  Additionally, the ineffective assistance of counsel claim raised in the counseled

amended PCRA petition is not the "substantial equivalent" of the one presently asserted (equal

protection and due process rights violated by trial judge's bias).  Thus, he has not "fairly

presented" the instant claim to the state courts, and he has failed to exhaust his state remedies.

*See Picard*, 404 U.S. at 275; *Lesko*, 881 F.2d at 50.

Furthermore, there is no further available remedy for the litigation of his fifth claim in the

state court system.  First, as noted above, he did not present it on direct review; consequently, the

claim is waived.  *See* 42 Pa. Cons. Stat. Ann. § 9544(b).  Second, by not filing a timely Rule

1925(b) statement, he failed to preserve the claim in his appeal of the denial of PCRA relief.  *See*

*Butler*, 812 A.2d at 633-34; *Lord*, 719 A.2d at 309; *Douglas*, 835 A.2d at 743-45; *see also*

---

[17]In his counseled amended PCRA petition, Griggs argued:  "Appellate counsel was derelict in his duty when he failed to raise and preserve the issue of trial counsel's malfeasance in failing to strike a juror for cause, use a peremptory challenge or even make an inquiry into the nature and extent of a juror's relationship to the petitioner after the juror denied knowing anyone involved in the case but later admitted he worked as a guard at a facility where the petitioner was housed."  (Resp. to Traverse App. Ex. F at 4.)

*Colleran*, 115 F. App'x at 527-28.  Finally, a new PCRA petition raising the claim would be

deemed time-barred.  *See* 42 Pa. Cons. Stat. Ann. § 9545(b); *Robinson,* 837 A.2d at 1161;

*Murray*, 753 A.2d at 203.  Accordingly, his claim is not only unexhausted, it is procedurally

barred.  *See Coleman*, 501 U.S. at 732.

### F.    Ineffective Assistance of Counsel

Finally, Griggs raises a broad claim that his trial, appellate and post-conviction counsel

were ineffective.[18]  (Habeas Pet. 9(a).)  Specifically, Griggs complains that his trial counsel failed

to obtain discovery, such as police broadcasts, witness statements, and preliminary hearing

transcripts; file any pre-trial motions regarding his arrest and prolonged detention; interview his

alibi witnesses; and "present the victims."  (*Id.* at 9(k).)  Magistrate Judge Rueter found this

claim to be procedurally defaulted, and Griggs objects.  After a *de novo* review, I agree with

Magistrate Judge Rueter.

Griggs's final claim was never "fairly presented" before the state courts.  In his

supplemental *pro se* PCRA petition, Griggs argued his trial counsel was ineffective for not

challenging an unlawful *Terry* stop that was based on hearsay contained in a police radio

dispatch. Yet, both the PCRA court and the Superior Court found this claim was waived.  Griggs

also raised an ineffective assistance of appellate counsel claim with regard to trial counsel's

failure to strike a biased juror in his counseled amended PCRA petition.  As discussed above, the

PCRA court rejected this claim on the merits but, on collateral appeal, the Superior Court could

---

[18]In "Ground six" of his habeas petition, Griggs avers "that he was the victim of and
suffered flagrant ineffective assistance of trial, appellate and post-conviction counsel, all of
whom were adam[a]nt about not presenting the substantive and meritorious issues to the trial and
appellate courts so as to sustain defendant[']s false convictions."  (Habeas Pet. 9(a).)

not reach the merits because Griggs did not raise it in his appellate brief.  Griggs also did not

appeal the Superior Court's decision to the Pennsylvania Supreme Court.  Thus, he failed to

exhaust this particular ineffective assistance of counsel claim in the state courts.  *See Carpenter*,

296 F.3d at 146; *McCandless*, 172 F.3d at 260.  Further, because none of the other claims of

ineffective assistance of counsel alleged in the habeas petition is the "substantial equivalent" of

the one pursued in the state courts, Griggs has not exhausted his state remedies with respect to

this habeas claim.  *See Marra v. Larkins*, 46 F. App'x 83, 90-92 (3d Cir. 2002) (non-

precedential) (rejecting petitioner's argument that "raising some ineffective assistance of counsel

claims is sufficient to preserve all putative ineffective assistance of counsel claims"); *Spreitzer v.

Schomig*, 219 F.3d 639, 645 (7th Cir. 2000) (concluding petitioner who advanced ineffective

assistance claims that focused alternatively on sentencing and post-conviction counsel at

different stages of review exhausted neither claim); *Gibson v. Scheidemantel*, 805 F.2d 135, 139

(3d Cir. 1986) (concluding that petitioner's ineffective assistance of counsel habeas claim based

on counsel's failure to protect his juvenile status is unexhausted because it had not been fairly

presented to the state courts, where petitioner had asserted an ineffective assistance of counsel

claim on other grounds).

There is also no doubt that Griggs defaulted on his sixth claim under Pennsylvania law.

By not filing a timely Rule 1925(b) statement, he failed to preserve the claim in his appeal of the

denial of PCRA relief.  *See Butler*, 812 A.2d at 633-34; *Lord*, 719 A.2d at 309; *Douglas*, 835

A.2d at 743-45; *see also Colleran*, 115 F. App'x at 527-28.  Further, a new PCRA petition

raising the claim would be deemed time-barred.  *See* 42 Pa. Cons. Stat. Ann. § 9545(b);

*Robinson,* 837 A.2d at 1161; *Murray*, 753 A.2d at 203.  Accordingly, his claim is not only

unexhausted, it is procedurally barred.  *See Coleman*, 501 U.S. at 732.

### G.    Cause and Prejudice or Fundamental Miscarriage of Justice

In order for this court to consider the merits of his six claims, Griggs must show "cause

and prejudice" or a " fundamental miscarriage of justice" to excuse the default.  *Coleman*, 501

U.S. at 750.  In his objections, Griggs urges the court to excuse his default because the PCRA

court never sent him the documents as ordered by the Superior Court on March 24, 2005.[19]

Griggs believes that he has not failed to comply with the court's order because he had not yet

received the documents.  (Obj.'s to Rep. & Recom. 8-11, 13-14.)  Magistrate Judge Rueter

concluded that Griggs failed to establish cause to excuse the procedural default of his claims, and

Griggs objects.  After a *de novo* review of petitioner's claims, I agree with Magistrate Judge

Rueter's findings and will dismiss all six claims.

Again, to show "cause," Griggs must demonstrate that an "objective factor" impeded his

efforts to comply with the state's procedural rule.  *Murray*, 477 U.S. at 488.  However, Griggs

does not supplement his claim that he was not supplied with the documents necessary and

relevant for his appeal with any evidence.  His bald allegations offer nowhere near the support

necessary to excuse his default, especially in light of the Superior Court's determination that

Griggs's former PCRA counsel had forwarded to him the documents.[20]   State court findings of

---

[19]As noted above, the March 24, 2005 order of the Superior Court required the PCRA
court or prior counsel to provide Griggs with the documents and transcripts necessary for and
relevant to his appeal.  (Resp. to Traverse App. Ex. Q.)  This order also directed Griggs to file a
supplemental 1925(b) statement within fourteen days of receiving the documents.  (*Id.*)

[20]In its memorandum affirming the denial of the PCRA petition, the Superior Court found
that "[t]he record establishes that under cover dated March 23, 2005, counsel already had
forwarded to Appellant all the documents, including transcripts, necessary for appellate briefing
purposes."  *Commonwealth v. Griggs*, No. 2337 EDA 2004, slip op. at 3-4.

fact are presumed correct, 28 U.S.C. § 2254(e)(1), and Griggs has not introduced clear and convincing evidence to the contrary.  Thus, Griggs fails to provide cause for default.

Similarly, Griggs has not supported his claim with any evidence of factual innocence that would show that the failure to consider his claim would result in a fundamental miscarriage of justice.  In his objections, Griggs argues that "his innocence can be ascertained from the facts of the cases as proffered to the police by the victims/witnesses of the robberies–the two tall felons of virtually equal height were one light-skinned and one dark-skinned in every case!  Yet, two tall light-skinned persons were prosecuted!"  (Obj.'s to Rep. & Recom. 12-13.)  Griggs also argues that he was never confronted with his accusers.  (*Id.* at 13.)  Yet, these arguments do not satisfy Griggs's burden under *Schlup*, which requires that a habeas petitioner persuade the district court that, in light of new and reliable evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt.  513 U.S. at 321-22.  As such, Griggs's six claims are procedurally defaulted and cannot constitute a basis for habeas relief.

## IV.  Conclusion

For all of the above stated reasons, Griggs's objections to Magistrate Judge Rueter's Report and Recommendation are overruled, and the § 2254 petition is dismissed without prejudice.  The court must now determine if a certificate of appealability should issue.  A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of

the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* As shown above, Griggs's § 2254 petition plainly violates the procedural rule requiring exhaustion of available state remedies. Therefore, a certificate of appealability will not issue.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                                      |   |               |
|--------------------------------------|---|---------------|
| ERIC GRIGGS,                         | : |               |
| Petitioner,                          | : | CIVIL ACTION  |
|                                      | : |               |
| v.                                   | : | NO. 06-1512   |
|                                      | : |               |
| DAVID DIGUGLIELMO, *et al.*,         | : |               |
| Respondents.                         |   |               |

## Order

YOHN, J.                                                      July ___, 2007

And now, this _____ day of July 2007, upon careful consideration of the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, the response, the report and recommendation of United States Magistrate Judge Thomas J. Rueter, Griggs's objections to the report and recommendation, and the Commonwealth's response thereto, it is hereby ORDERED that:

1. Petitioner's objections are OVERRULED.

2. The report and recommendation of United States Magistrate Judge Thomas J. Rueter is APPROVED and ADOPTED.

3. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

4. The petitioner having failed to demonstrate that a reasonable jurist could conclude that the court is incorrect in dismissing the petition, there is no ground to issue a certificate of appealability.


_____ s/ William H. Yohn Jr. _____

William H. Yohn Jr., Judge